UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| **CHRISTIAN COALITION OF FLORIDA, INC.**, <br><br> *Plaintiff*, <br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> *Defendant*. | Case No. 5:09-cv-00144-WTH-GRJ |

## CASE MANAGEMENT REPORT

1. Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **Tuesday, November 3, 2009** (date) at **10:00 A.M. EDT** (time) via **Teleconference**. The following attorneys participated:

| Name | Counsel for (if applicable) |
|---|---|
| Scott F. Bieniek | Plaintiff Christian Coalition of Florida, Inc. |
| Paul A. Allulis | Defendant United States of America |

2. Pre Discovery Initial Disclosures of Core Information:

   a. Fed. R. Civ. P. 26(a)(1) Initial Disclosures *(Fed.R.Civ.P. 26(a)(1) provides that these disclosures are mandatory)*

The parties:

  **X**   will exchange by **December 15, 2009.**

 Below is a detailed description of information disclosed, scheduled for disclosure or, if applicable, the basis for the objection to the initial disclosures.

   Consistent with the requirements of Fed. R. Civ. P. 26(a)(1)(A), the parties will disclose the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject(s) of that information—that the disclosing party may use to support its claims or defenses, and a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

   a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (1) <u>Requests for Admission</u>:

Plaintiff anticipates that it may serve requests for admission on Defendant. The requests for admission may be related to Plaintiff's Form 1024 application, Defendant's review of said application, Defendant's policy regarding social welfare organizations, Defendant's "fact and circumstances" test for determining what constitutes "political intervention," and other such relevant topics.

   Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

   (2) <u>Written Interrogatories:</u>

Plaintiff anticipates that it may serve written interrogatories on Defendant. The written interrogatories may be related to Plaintiff's Form 1024 application, Defendant's review of said application, Defendant's policy regarding social welfare organizations, Defendant's "fact and circumstances" test for determining what constitutes "political intervention," and other such relevant topics.

   Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

   (3) <u>Requests for Production or Inspection:</u>

Plaintiff expects discovery to be guided by the administrative record provided by Defendant. Plaintiff anticipates that it may serve requests for production or inspection on Defendant. The requests for production or inspection may be related to Plaintiff's Form 1024 Application, the IRS review of that application, the IRS policy regarding social welfare organizations, the IRS "facts and circumstances" test for determining what constitutes "political intervention," and other such relevant topics.

   (4) <u>Oral Depositions:</u>

Plaintiff anticipates that it may conduct oral depositions.

   Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

    b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due:

**ON OR BEFORE October 8, 2010.**

    c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

During the discovery period, Plaintiff shall timely supplement or correct its initial disclosures and responses to discovery requests as necessary pursuant to Rule 26(e).

    d.  <u>Completion of Discovery</u>: The parties agree that discovery should be conducted in phases. Plaintiff will commence all factual discovery in time for it to be completed **ON OR BEFORE September 10, 2010**. Plaintiff will commence all expert discovery in time for it to be completed **ON OR BEFORE December 17, 2010.**

4.  <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following Defendant's discovery plan:

    a.  <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) <u>Requests for Admission</u>:

Defendant anticipates serving requests for admission.  Defendant anticipates that its requests will relate to all claims and defenses by Plaintiff, including, but not limited to, the creation and formation of Plaintiff; Plaintiff's financial records, including sources and applications of funds; Plaintiff's activities, including time spent on such activities, and including but not limited to publications, letters, news releases, community organizing, and preparation of voter guides; the number, identities, and responsibilities of employees, board members, and volunteers who provided any services to Plaintiff, whether with our without compensation; Plaintiff's interactions with the Christian Coalition of America, other Christian Coalition state chapters, and political parties or other entities which may assist or engage in political activities; and any other topics deemed relevant upon a review of Plaintiff's initial disclosures and information provided during discovery.

    Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion.  See paragraph 6 below.

(2) <u>Written Interrogatories:</u>

Defendant anticipates serving interrogatories. Defendant anticipates that its interrogatories will relate to all claims and defenses by Plaintiff, including, but not limited to, the creation and formation of Plaintiff; Plaintiff's financial records, including sources and applications of funds; Plaintiff's activities, including time spent on such activities, and including but not limited to publications, letters, news releases, community organizing, and preparation of voter guides; the number, identities, and responsibilities of employees, board members, and volunteers who provided any services to Plaintiff, whether with our without compensation; Plaintiff's interactions with the Christian Coalition of America, other Christian Coalition state chapters, and political parties or other entities which may assist or engage in political activities; and any other topics deemed relevant upon a review of Plaintiff's initial disclosures and information provided during discovery.

> Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) <u>Requests for Production or Inspection:</u>

Defendant anticipates serving requests for production or inspection. Defendant anticipates that its requests will relate to all claims and defenses by Plaintiff, including, but not limited to, the creation and formation of Plaintiff; Plaintiff's financial records, including sources and applications of funds; Plaintiff's activities, including time spent on such activities, and including but not limited to publications, letters, news releases, community organizing, and preparation of voter guides; the number, identities, and responsibilities of employees, board members, and volunteers who provided any services to Plaintiff, whether with our without compensation; Plaintiff's interactions with the Christian Coalition of America, other Christian Coalition state chapters, and political parties or other entities which may assist or engage in political activities; and any other topics deemed relevant upon a review of Plaintiff's initial disclosures and information provided during discovery.

(4) <u>Oral Depositions:</u>

Defendant anticipates conducting oral depositions.

> Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

  b. <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due:

  **ON OR BEFORE October 8, 2010.**

  c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

During the discovery period, Defendant shall timely supplement or correct its initial disclosures and responses to discovery requests as necessary pursuant to Rule 26(e).

  d. <u>Completion of Discovery</u>:  The parties agree that discovery should be conducted in phases. Defendant will commence all factual discovery in time for it to be completed **ON OR BEFORE September 10, 2010**. Defendant will commence all expert discovery in time for it to be completed **ON OR BEFORE December 17, 2010.**

  5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

  The parties agree that discovery should be conducted in phases. *See* 3.d. and 4.d., *supra*, regarding bifurcated factual and expert discovery deadlines.

  6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report.  Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

  7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:  Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **ON OR BEFORE January 28, 2011**. (Note time limit in Local Rule 4.03.)

  8. <u>Settlement and Alternative Dispute Resolution</u>.  Parties agree that settlement is

 **X**  unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).  **X** no

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  **X** no

If yes, the order of referral described in Local Rule 9.04 should be entered by the court on _____ date designating _____ name to serve as mediator.

Parties agree to consent to trial presided over by United States Magistrate Judge.
     **X**  no

Parties intend to pursue the following other methods of alternative dispute resolution:

   **NONE**

In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before **N/A** (date), parties will apply for an order invoking Court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on that date.

   9. <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties

 **X**   do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

   10. <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after **April 16, 2011** (date) and for trial on or **May 16, 2011** (date).  Trial is expected to take approximately **TEN (10)** days and the trial will be:

 **X** non-jury

   11. <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

   12. <u>Others Matters</u>:

Date: Thursday, November 12, 2009

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

/s/ Scott F. Bieniek
Scott F. Bieniek
James Bopp, Jr. (Ind. Bar No. 2838-84)*
***Trial Counsel for Plaintiff***
jboppjr@aol.com
Barry A. Bostrom (Ind. Bar No. (11912-84)*
bbostrom@bopplaw.com
Scott F. Bieniek (Ill. Bar No. 6295901)*
sbieniek@bopplaw.com
JAMES MADISON CENTER FOR FREE SPEECH
BOPP, COLESON & BOSTROM
1 S. Sixth St.
Terre Haute, IN 47807-3510
P: 812.232.2434
F: 812.235.3685
*Lead Counsel for Plaintiff Christian Coalition of Florida, Inc.*

Mathew D. Staver (Fl. Bar No. 0701092)
Horatio G. Mihet (Fl. Bar. No. 026581)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854-0774
P: 800.671.1776
F: 407.875.0770
court@lc.org
*Local Counsel for Plaintiff Christian Coalition of Florida, Inc.*

/s/ Paul A. Allulis*
ROBERT L. WELSH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6068
Telefax: (202) 514-9868
Email: Robert.L.Welsh@usdoj.gov

PAUL A. ALLULIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5880
Telefax: (202) 514-9868
Email: Paul.A.Allulis@usdoj.gov

*Counsel for Defendant United States of America*

*\*As authorized November 12, 2009*