**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

| | |
|---|---|
| **CHRISTIAN COALITION OF FLORIDA, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> *Defendant*. | Case No. 5:09-cv-00144-WTH-GRJ <br><br> **ORAL ARGUMENT REQUESTED PURSUANT TO TO L.R. 3.01(j)** |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS**

## I. Introduction

Plaintiff, Christian Coalition of Florida, Inc. ("CC-FL"), pursuant to this Court's Order dated October 6, 2009 (dkt. 17), files its Surreply to Defendant's Reply to Plaintiff's Response Opposing Defendant's Motion to Dismiss Complaint, together with the Second Declaration of Bill Stephens.

## II. Argument

**A. The United States did not grant Plaintiff's requests for refund for tax years 1991 and 1994-2000 until after Plaintiff filed suit.**

On July 19, 1993, CC-FL applied for recognition of exemption from federal income taxes pursuant to section 501(a) of the Internal Revenue Code. (Dkt. 1 ¶ 25.) ("Compl."). For the next fifteen years, CC-FL filed Form 990 ("Return of Organization Exempt from Income Tax") while the Internal Revenue Service ("the Service") considered its application for exemption. (Dkt. 15 at 2.) ("Def.'s Reply"). On July 31, 2008, the IRS finally issued a final determination, concluding that CC-FL did not qualify as an organization exempt from federal income taxes

1

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

pursuant to section 501(a) and instructed CC-FL to file Form 1120 ("U.S. Corporation Income Tax Return") for *all tax years*. (2d Decl. of Bill Stephens in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl., Ex. 1) ("2d Stephens Decl."); (Compl. ¶ 38).

On August 27, 2009, CC-FL filed Form 1120 for tax years 1991, 1994-2000, 2005 and 2006. (Compl. ¶ 39.) CC-FL submitted refund requests for the same tax years on September 25, 2008. (Compl. ¶ 40.) CC-FL filed suit on April 3, 2009, because the Service had not granted or denied CC-FL's refund request for refund for 1991 and 1994-2000 within the statutory six month period.[1] *See* I.R.C. § 6532(a)(1).

In its reply, Defendant states that the Service granted the refund requests for all tax years before CC-FL filed suit.[2] (Defendant's Reply at 4); (Dkt. 15-2 ("Decl. of Thomas J. Miller") ¶¶ 3,4, and 6-10.) This statement is inaccurate.

By letters dated April 6, 2009, the Service first notified CC-FL that it tax liability for tax years 1991 and 1996-2000 had been decreased. (2d Stephens Decl., Ex. 2.) The letters do not state the grounds for the resulting decrease in liability. (*Id*.) A separate set of letters dated April 6, 2009, indicated that the Service had applied the overpayments resulting from the decrease in tax liability to CC-FL's federal employment tax liability for the period ending December 31, 2006. (2d Stephens Decl., Ex. 3.) A similar pair of letters followed on April 20, 2009, with respect to 1994. (2d Stephens Decl., Ex. 4.)

The Service handled 1995 differently from the other tax years. By letter dated July 6, 2009, the Service informed CC-FL that it had removed the late return penalties and interest that had

---

[1] The Service granted Christian Coalition's refund requests for 2005 and 2006 on December 1, 2008. (2d Stephens Decl., Ex. 7.) *See infra*, n. 4.

[2] The Defendant admits that the Service did not grant Christian Coalition's refund request with respect to 1995 until after the suit was filed. (Defendant's Reply at 4.)

2

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

been assessed.[3] (2d Stephens Decl., Ex. 5.) A refund check equal to the amount of the penalties and interest was issued on July 7, 2009. (*Id.*) According Defendant, the actual refund with respect to 1995 was not granted until August 10, 2009. (Miller Decl. ¶ 5(d).) The Service issued a refund check with respect to 1995 on August 11, 2009. (2d Stephens Decl., Ex. 6.)

Accordingly, this Court has subject matter jurisdiction pursuant to section 6532(a)(1) of the Internal Revenue Code to hear all claims set forth in Plaintiff's complaint because the Service had not acted upon CC-FL's request within the statutory period. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1275 (11th Cir. 2003) (noting that Article III standing is determined as of the date the suit is filed). Defendant now argues that all of Plaintiff's claims are moot because the Service has returned all overpayments for the suit years to CC-FL. This is incorrect. As set forth below, CC-FL may properly seek declaratory relief in a suit for refund and those claims remain justiciable.

**B. Plaintiff is not barred from seeking declaratory relief.**

In its reply, Defendant once again references the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Anti-Injunction Act, 26 U.S.C. § 7421, and the Supreme Court's decision in *Bob Jones University v. Simon*, 416 U.S. 725 (1974), as prohibiting CC-FL from obtaining declaratory relief in the context of a refund suit. (Def.'s Reply at 6; Def.'s Mot. to Dismiss at 6.) The Supreme Court's opinion in *Bob Jones* suggests that the tax exception to the Declaratory Judgment Act and the Anti-Injunction Act do not apply to the present case.

First, the opinion in *Bob Jones* did not discuss the issue of mootness, let alone the effect a tender of refund would have on the mootness of a taxpayer suit. Second, Bob Jones University sought an injunction to enjoin the IRS from revoking the organization's exempt status *before* any

---

[3] Although the Service removed the late filing penalties and interest, the Service had not granted CC-FL's refund request with respect to 1995 on July 6, 2009.

3

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

tax had been assessed or collected. The Court made it clear that it was not permanently foreclosing Bob Jones University's requested relief in the event that a tax was ultimately assessed and collected— it ruled only that the suit before the Court was premature. *Id.* at 747 (noting that Bob Jones had a right to contest the Service's actions in a suit for refund and stating "These review procedures offer petitioner a full, albeit delayed, opportunity to litigate the legality of the Service's revocation of tax-exempt status and withdrawal of advance assurance of deductibility.").

Importantly, the Court specifically noted that it was not deciding whether a district court could *ever* issue an injunction restraining the IRS. *Id*. at 748, n. 22. ("But our decision today that § 7421(a) bars *pre-enforcement* injunctive suits by organizations claiming § 501(c)(3) status unless the standards of *Williams Packing* are met should not be interpreted as deciding whether injunctive relief is possible in a refund suit in a district court.") (emphasis added). The Court added "there would be serious question[s] about the reasonableness of a system that forced a § 501(c)(3) organization to bring a series of backward-looking refund suits in order to establish repeatedly the legality of its claim to tax-exempt status and that precluded such an organization from obtaining prospective relief even though it utilized an avenue of review mandated by Congress." *Id.* That Congress later softened the harshness of the holding in *Bob Jones* through section 7428 has little effect on the Supreme Court's suggestion that a litigant may properly seek an injunction within the context of a refund suit.

Here, the Court is presented with a situation contemplated by the Supreme Court in *Bob Jones.* CC-FL has paid the tax and followed the refund procedures mandated by Congress. Nevertheless, Defendant urges the same unreasonable position cautioned against in *Bob Jones*; arguing that Plaintiff must "bring a series of backward-looking refund suits in order to establish repeatedly the legality of its claim to tax-exempt status " *Bob Jones*, 416 U.S. at 748, n. 22. *See* (Def.'s Reply at 6; Def.'s Mot. to Dismiss at 6-8). Here, the Service sat on CC-FL's application

4

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

for exemption for fifteen years. When the Service concluded that CC-FL did not meet the requirements for exemption under section 501(c)(4), the Service instructed CC-FL to file corporate income tax returns for *all* years. After filing its corporate income tax returns and proper requests for refund, CC-FL had to wait another six months. When the Service failed to act on the refund requests, CC-FL was forced to initiate the litigation pending before this Court. Only after CC-FL filed suit did the Service grant the refund requests—granting the requests on alternative grounds and refusing to reach the merits of CC-FL's refund requests.[4] CC-FL should not be forced into a system of backward-looking refund suits after following the procedures mandated by Congress simply to establish its status as an organization exempt from federal income tax pursuant to section 501(c)(4) of the Internal Revenue Code. *See Bob Jones*, 416 U.S. at 748, n. 22. CC-FL is entitled to a ruling from this Court as to whether the activities presented to, and considered by, the Service qualify it for exemption under section 501(c)(4). The tax exception to the Declaratory Judgment Act, the Anti-Injunction Act, and *Bob Jones* do not prohibit CC-FL from seeking such review.

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

---

[4] The Service decreased CC-FL's tax liability for 2005 and 2006 in an amount equal to the its refund requests for those years but failed to state a reason for the decrease in tax liability. (2d Stephens Decl., Ex. 7.) Unlike the years pending before the Court in this action, the Service is not barred by the statute of limitations from collecting and assessing taxes against CC-FL for 2005 and 2006. *See* I.R.C. § 6501(a).

5

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

## IV. Request for Oral Argument

Plaintiff Christian Coalition of Florida, Inc., respectfully renews its request for oral argument on Defendant's Motion to Dismiss pursuant to Local Rule 3.01(j). Plaintiff believes that the Court will benefit from oral argument given the complex factual and procedural history of the case. Plaintiff Christian Coalition of Florida estimates that the hearing will take approximately forty (40) minutes.

Dated this 16th day of October, 2009.

                                                                Respectfully submitted,

| | |
|---|---|
| | /s/ Scott F. Bieniek |
| Mathew D. Staver (Fl. Bar No. 0701092) | James Bopp, Jr. (Ind. Bar No. 2838-84)* |
| Horatio G. Mihet (Fl. Bar. No. 026581) | ***Trial Counsel for Plaintiff*** |
| LIBERTY COUNSEL | jboppjr@aol.com |
| P.O. Box 540774 | Barry A. Bostrom (Ind. Bar No. (11912-84)* |
| Orlando, FL 32854-0774 | bbostrom@bopplaw.com |
| P: 800.671.1776 | Scott F. Bieniek (Ill. Bar No. 6295901)* |
| F: 407.875.0770 | sbieniek@bopplaw.com |
| court@lc.org | JAMES MADISON CENTER FOR FREE SPEECH |
| *Local Counsel for Plaintiff* | BOPP, COLESON & BOSTROM |
| | 1 S. Sixth St. |
| | Terre Haute, IN 47807-3510 |
| | P: 812.232.2434 |
| | F: 812.235.3685 |
| | *Lead Counsel for Plaintiff* |
| | * *Application for Special Admission Granted* |

6

5:09-cv-00144-WTH-GRJ
Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss

## Certificate of Service

I, Scott F. Bieniek, am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

On October 16, 2009, I electronically filed the foregoing document described as Plaintiff's Surreply to Defendant's Reply to Plaintiff's Response Opposing Defendant's Motion to Dismiss Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Robert L. Welsh
Robert.L.Welsh@usdoj.gov
*Counsel for Defendant United States of America*

I declare under penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 16th day of October, 2009.


 /s/ Scott F. Bieniek
Scott F. Bieniek (Ill. Bar No. 6295901)
*Counsel for Plaintiff*

7

5:09-cv-00144-WTH-GRJ
**Pl.'s Surreply to Def.'s Reply to
Pl.'s Resp. Opposing Def.'s
Mot. to Dismiss**